UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN INCORVATI,

                            Plaintiff,

            v.                                       1:21-CV-0280 (MAD/CFH)

CIS OMBUDSMAN, et al.

                            Defendants.
_____

**APPEARANCES:**

Jonathan Incorvati
328 Manning Blvd.
Albany, New York 12206
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff pro se Jonathan Incorvati purported to commence this action on March 11, 2021, with the filing of a complaint and application to proceed in forma pauperis. Dkt. Nos. 1, 3. Plaintiff did not pay the filing fee. Plaintiff also filed a motion for a preliminary injunction. Dkt. No. 2.

### I. In Forma Pauperis

After reviewing plaintiff's in forma pauperis application, dkt. no. 3, the undersigned concludes that plaintiff financially qualifies to proceed in forma pauperis. Plaintiff's application is granted for the purposes of filing only.[1]

### III.  Initial Review

### A. Legal Standards

Section 1915(e)[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d

---

[1]  Plaintiff is advised that he will still be required to pay any costs or fees he may incur int his action, including, but not limited to, copying fees and witness fees.
[2]  "'While the text of 28 U.S.C. § 1915(a)(1) appears to only provide for the [IFP] status of prisoner litigators, it is well-established that [Section] 1915(a)(1) affords all natural persons with the opportunity to apply for permission to proceed without prepayment of fees.'" Shields v. United States, No. 1:20-CV-152 (GTS/CFH), 2020 WL 2079431, at *3 (N.D.N.Y. Apr. 30, 2020), report and recommendation adopted, No. 120CV0152GTSCFH, 2020 WL 5494382 (N.D.N.Y. Sept. 11, 2020), aff'd and remanded, No. 20-3427, 2021 WL 2285229 (2d Cir. June 4, 2021) (internal citation omitted).

2

Cir. 1994). A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Thus, where a plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Although a court should not dismiss a pro se complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted), an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999)

3

(internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for

4

those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citation omitted).

**B. Complaint**

Plaintiff completes his complaint on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983. See Dkt. No. 1. Plaintiff writes the name of one defendant on his form, "CIS Ombudsman, Homeland Security." Id. at 2. In the facts section of the complaint, plaintiff writes: "The events that happened in approximately 1993 obviously weren't me making the decision to be targeted so the wrong doing is committing the cyber crime." Id. In the causes of action section of the form complaint, plaintiff writes: "touched by cyber crime telemetry," "[illegible] voices are the involvement," and "not knowing what there was." Id. at 3. In his prayer for relief, plaintiff writes, "[r]emove the barrier United States Military targeted me with." Id. On the civil cover sheet provided with plaintiff's complaint, plaintiff checks off that the nature of his suit is the "False Claims Act." Dkt. No. 1-1. He also indicates that the basis for this Court's jurisdiction is diversity jurisdiction, noting that he is a citizen of this state and defendant(s) are citizens of another state and/or incorporated and have a principal place of business in another state. Id.

5

Although plaintiff names only the CIS Ombudsman in the caption and body of the complaint, in his motion for a preliminary injunction, plaintiff lists what appear to be additional intended defendants: Nathaniel Stiefel, web programmer; Officer Anders, Houston Police Department; Officer Sanchez, Houston Police Department; Humberto Arturo, Houston Police Department. Dkt. No. 1-1 at 2. However, plaintiff both fails to name these additional defendants anywhere in his complaint or provide any explanation as to how these defendants were involved in a violation of any of plaintiff's constitutional rights, federal law, or state law. See Dkt. No. 1. In response to the portion of the preliminary injunction form that asks about the statement of the claim, plaintiff provides: "[e]xtraterritorial jurisdiction national air space." Id. at 4. He states that "the events" occurred from "1992-present." Id. As for the facts underlying his claims, plaintiff provides, "cyber crime [illegible] talking and stalking me with computer and [illegible] pressure used [illegible] illegal video voyeurism." Id. at 5. Under the section of the form asking about irreparable injury, plaintiff provides "damaged by individuals displaying arguments knowingly forcing pressure against my body." Id. As for the nature of the requested relief, plaintiff states, "my [illegible] has been used fraudulently by police officers creating debt with [illegible] Act while no [illegible] gains could be [illegible] to believe the Act was committed." Id.

Attached to plaintiff's application to proceed in forma pauperis are proposed summonses for the following persons/entities: CIS Ombudsman, Hubert Arturo, Joe Biden, Officer Sanchez, NASA Corporation, Nathaniel Stiefel, Hillary Rodham Clinton, and Officer Anders. See Dkt. No. 3-1. With the exception of CIS Ombudsman, plaintiff fails to name any of these defendants in the caption or body of his complaint. See Dkt.

6

No. 1. As to all defendants, plaintiff fails set forth any allegations against them, nor explain their involvement in any violation of his Constitutional rights, federal law, or state law. See Dkt. No. 1; See Fedele v. Harris, 69 F. Supp. 3d 313, 320 (N.D.N.Y. 2014) (citing Purdie v. Mahoney, No. 9:05-CV-0705, 2005 WL 3050969, at *1 (N.D.N.Y. Nov. 14, 2005) (stating that, to satisfy the personal involvement requirement, a plaintiff must "set forth allegations of personal involvement by each named defendant in his complaint, and may not meet this obligation with conclusory allegations," and that "he must name [defendants] in the caption of his complaint and set forth specific allegations of wrongdoing as to each individual in the body of his complaint")).

### C. Review of Complaint

Plaintiff's complaint fully fails to meet the pleading requirements of Rule 8. Significantly, the claims under which plaintiff seeks to proceed, the statutes pursuant to which he seeks to bring his claims, and even the defendants against whom plaintiff wishes to bring this action are entirely unclear. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See, e.g., Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 555-56. Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff provides essentially no facts to support his complaint. His unclear and unsupported, disjointed claims – which appear to relate to being surveilled over the internet by unspecified individuals -- fail to meet even the most liberal pleading standards. Plaintiff does not explain who completed

7

this surveillance, what laws or rights this apparent surveillance violated, or provide any other facts surrounding these claims. It is entirely unclear what legal rights of plaintiff or laws have been violated or how the defendants may have violated those rights or laws. This failure warrants dismissal of the complaint. See Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (holding dismissal to be appropriate when the complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

Although plaintiff completes his complaint on a form complaint for civil rights violations brought pursuant to 42 U.S.C. § 1983, he does not identify any violations of his constitutional rights, establish that defendants acted under the color of state law, nor demonstrate any of defendants' personal involvement in violations of his rights. To the extent plaintiff's civil cover sheet indicates that this claim arises under the False Claims Act, plaintiff's complaint is void both of any reference to the False Claims Act or any explanation as to how his action is brought pursuant to that statute. The False Claims Act imposes civil liability upon 'any person' who, inter alia, 'knowingly presents or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval [or who] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government[.]'" Afonso v. Albany Med. Ctr., No. 1:14-CV-876 ( LEK/RFT), 2014 WL 4988271, at *3 (N.D.N.Y. Sept. 8, 2014), report and recommendation adopted as modified, No. 1:14-CV-0876 (LEK/RFT), 2014 WL 4988276 (N.D.N.Y. Oct. 7, 2014) (quoting 31 U.S.C. §§ 3729(a)(1), (2)). Even the little detail provided in his complaint regarding apparent internet surveillance does not

8

suggest that plaintiff's claim has anything to do with the False Claims Act.[3] To the extent plaintiff's civil cover sheet suggests that the matter is before the Court on diversity jurisdiction, plaintiff's complaint fully fails to identify any cognizable claims under any state law nor does he identify a monetary value of alleged damages. See Dkt. No. 1.

As it stands, plaintiff's complaint "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims"; thus, it must be dismissed. Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As noted, pursuant to Rule 8, plaintiff is required to provide a short, plain statement of his claim against each defendant named so that they are afforded adequate notice of the claims against them. See Iqbal, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the defendant-unlawfully harmed-me accusation.") (internal quotation marks and citations omitted). Plaintiff's complaint does not meet this standard.

Although this complaint warrants outright dismissal, Salhuddin v. Cuomo, 861 F.2d 40,42 (2d Cir. 1998), given plaintiff's pro se status, applying special solicitude, the Court further recommends that plaintiff be given one opportunity to amend the complaint to comply with the basic pleading requirements set forth above such that the Court can reasonably assess his claims pursuant to § 1915. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).[4]

---

[3] Further, even if plaintiff's claim did involve the False Claims Act, it would not be properly brought by plaintiff pro se. Afonso, 2014 WL 4988271, at *3 ("Although relators may commence an action pursuant to the False Claims Act, 'the claim itself belongs to the United States' and because 'relators lack a personal interest in False Claims Act qui tam actions,' the Second Circuit has determined that such claims may not be brought pro se.")

[4] Should plaintiff be permitted to amend his complaint, any amended complaint shall supersede and replace in its entirety the previous complaint. The amended complaint must clearly state the nature of the

9

Insofar as plaintiff seeks a preliminary injunction, as it is entirely unclear the relief sought therein, wholly absent of any cognizable facts underlying his claim, the defendants involved, or an explanation of how he would be irreparably injured, it is recommended that the motion be denied. Dkt. No. 2; See, e.g., CF Fresh, LLC v. Carioto Produce, Inc., No. 1:20-CV-0884 (GTS/DJS), 2020 WL 6536472, at *2 (N.D.N.Y. Nov. 6, 2020) ("Generally, in the Second Circuit, a party seeking a preliminary injunction must establish the following three elements: (1) that there is either (a) a likelihood of success on the merits and a balance of equities tipping in the party's favor or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in the party's favor; (2) that the party will likely experience irreparable harm if the preliminary injunction is not issued; and (3) that the public interest would not be disserved by the relief.") (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

## IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (dkt. no. 3) be **GRANTED** solely for purposes of filing; and it is

---

suit and the basis for this Court's jurisdiction. The body of the amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. The amended complaint must clearly identify all intended defendants and explain their specific involvement in plaintiff's claims.  Plaintiff is referred to Fed. R. Civ. P. 8 and 10 as to the proper form for his pleadings.

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED** without prejudice and with one opportunity to amend to cure the pleading defects identified herein; and it is further

**RECOMMENDED,** that if this Report-Recommendation & Order is adopted, plaintiff be provided thirty (30) days from the entry date of the adopting Order to submit an amended complaint, and if he fails to so amend, the matter be closed without further order of the Court; and it is further

**RECOMMENDED**, that plaintiff's motion for a preliminary injunction (dkt. no. 3) be **DENIED**.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: July 2, 2021
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).