UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN INCORVATI,

                                 **Plaintiff,**

  vs.

                                                                                     1:21-CV-280
                                                                                     (MAD/CFH)

**CIS OMBUDSMAN, et al.**

                                 **Defendants.**
_____

APPEARANCES:

**JONATHAN INCORVATI**
328 Manning Boulevard
Albany, New York 12206
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Jonathan Incovarti, commenced this action *pro se* on March 11, 2021, against Defendant, CIS Ombudsman, who is the only individual named in the caption of the complaint. However, Nathaniel Stiefel, a web programmer; Officer Anders, Officer Sanchez, and Humberto Arturo, of the Houston Police Department, are also listed as Defendants in Plaintiff's motion for a preliminary injunction. *See* Dkt. Nos. 1, 2. Although Plaintiff writes his complaint on a form for civil rights violations pursuant to 42 U.S.C. § 1983, he fails to assert in his complaint any specific constitutional right, federal law, or state law which has been violated. *See* Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. *See* Dkt. No. 3. On July 2, 2021, Magistrate Judge Hummel issued a Report-Recommendation and Order granting Plaintiff's IFP

1

application and recommending that Plaintiff's complaint be dismissed with leave to amend and his motion for a preliminary injunction be denied. Dkt. No. 6 at 11. Plaintiff filed objections to the Report-Recommendation and Order on July 12, 2021. Dkt. No. 8.

  To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

  When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and

footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Having carefully reviewed the July 2, 2021, Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's complaint in its entirety. Plaintiff's complaint is too ambiguous, nonsensical and, at times, illegible to allow the Court to analyze any purported cause of action. *See generally* Dkt. No. 1. As noted by Magistrate Judge Hummel, Plaintiff's complaint does not identify the claims under which the action would proceed, nor the statues under which he brings his claim, and even the actual identity of the defendants is unclear. Dkt. No. 6 at 7. In such circumstances, where it is entirely unclear what legal rights have been violated or how Defendants may have violated those rights, the complaint must be dismissed. *See Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (holding dismissal to be appropriate when the complaint does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal). Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court also adopts Magistrate Judge Hummel's recommendation that Plaintiff be permitted an opportunity to amend his complaint.

Although Plaintiff filed objections to Magistrate Judge Hummel's Report-Recommendation and Order, these objections amount to little more than recitals of the accusations levied in the complaint. *See* Dkt. No. 8. Plaintiff does not allege any facts in his

objections that indicate an error on the part of Magistrate Judge Hummel in his Report-Recommendation and Order, but instead merely restates allegations contained in his initial complaint. *Id.*

After carefully reviewing the Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is dismissed without prejudice and with leave to amend; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor without further order of this Court and close this case; and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2021
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge