**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JONATHAN INCORVATI,

                    Plaintiff,

        v.                             1:21-CV-0280
                                           (MAD/CFH)

CIS OMBUDSMAN, et al.

                    Defendants.

_____

**APPEARANCES:**

Jonathan Incorvati
328 Manning Blvd.
Albany, New York 12206
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

       Presently before the Court for review pursuant to 28 U.S.C. 1915 is plaintiff pro

se Jonathan Incorvati's amended complaint. See Dkt. No. 10. Also pending is a motion

to appoint counsel.  For the reasons set forth below, it is recommended that plaintiff's

amended complaint be dismissed with prejudice.  See Dkt. No. 10.  It is ordered that

plaintiff's motion for appointment of counsel be dismissed as moot.  See Dkt. No. 7.

### I.  Background

       On July 2, 2021, the undersigned issued a Report-Recommendation and Order

recommending that plaintiff's complaint be dismissed without prejudice and with one

opportunity to amend.  <u>See</u> Dkt. No. 6.  As relevant here, the Court adopted the Report-Recommendation & Order in its entirety.  <u>See</u> Dkt. No. 9.  Within the Report-Recommendation & Order the undersigned noted several defects.  First, the undersigned concluded that plaintiff's original complaint failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because "the statutes pursuant to which he seeks to bring his claims, and even the defendants against whom plaintiff wishes to bring this action are entirely unclear."  Dkt. No. 6 at 6.   The undersigned noted that the facts alleged in the complaint were disjointed and difficult to follow, and that it was "entirely unclear what legal rights of plaintiff or laws have been violated or how the defendants may have violated those rights or laws."  <u>Id.</u>  The Court observed that plaintiff checked boxes on the civil cover sheet indicating that his case involved the False Claims Act and was before the Court on diversity jurisdiction, but that the complaint "does not suggest that plaintiff's claim has anything to do with the False Claims Act" nor does it demonstrate that diversity jurisdiction applies.  <u>Id.</u> at 8-9.  Noting that the complaint warranted dismissal, the undersigned recognized the special solitude due to plaintiff due to his pro se status and recommended that plaintiff be permitted one opportunity to amend his complaint to attempt to cure the defects specifically laid out in the Report-Recommendation & Order.  <u>See</u> <u>id.</u> at 10-11.  On August 16, 2021, plaintiff filed an amended complaint.  <u>See</u> Dkt. No. 10.

## II.  Amended Complaint

Plaintiff's amended complaint fully fails to cure the defects the Court identified in its earlier orders.  See Dkt. Nos. 6, 9.  Although plaintiff now lists "causes of action," his reorganization of the complaint – which still fails to follow the format required by Fed. R. Civ. P. Rule 10 – does not clarify the facts in this case or how the named defendants are personally involved in a violation of any of plaintiff's rights or any federal laws. Dkt. No. 10; Williams v. Smith, 781 F.2d 319, 323 ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").   Plaintiff makes unclear references to a "cyber crime" that "someone" "found" in 2011.  Dkt. No. 10 at 1.  Plaintiff references certain defendants by name, but merely to allege that they "need to defend themselves in place of a better pleading'" and says that he is "entitled to EEO."  Id.  In a handwritten addition to the bottom of the amended complaint, plaintiff notes that "[i]t's been used to attempt to defraud the United States of America 18 U.S.C. [illegible] 371."  Id. He further writes that his "social security card was mailed to [him] with the same middle name error that I already filed the change about was used to illegal video voyeur me 18 U.S.C. [illegible] 1801." Id.  Plaintiff additionally attaches the identical form 1983 complaint he filed as part of his original pleading.  See id. at 3-6.

Attached to plaintiff's amended complaint are various communications for which plaintiff provides no context or explanation.  First is a letter dated August 3, 2021, from "Exchange Service Center -NCTUE" which states that this entity was "unsuccessful in locating a telecom and utilities exchange data report in our database with the information you provided."  Dkt. No. 10 at 7.  Next, plaintiff appends a letter from the Crime Victims Services Division with the Attorney General of Texas dated May 27, 2020

stating that it received an "incorrect or incomplete" application from him for "Crime Victims' Compensation benefits," and that the office was therefore returning his application.  Id. at 8.  Plaintiff also provides a June 26, 2020 letter from the same agency stating that the Houston Police Department "has notified us that they have no record of your incident."  Id. at 10.  Finally, included with the amended complaint is a copy of a State of Texas identification card.  See id. at 11.

## III.  Analysis

Plaintiff's complaint fails to cure the defects this Court identified and laid out in its July 7, 2021, Report-Recommendation & Order and August 5, 2021 Order.  See Dkt. Nos. 6, 9.  As with his original complaint, plaintiff's amended complaint makes vague and impossible to follow claims about fraud, cyber crime, "illegal video surveillance," and his social security card.  See generally Dkt. No. 10.  Plaintiff names defendants in the complaint but does not state how they are personally involved in any violation of plaintiff's constitutional rights or any laws.  See id.  Plaintiff repeatedly claims that defendants "need to defend themselves" "in place of a 'Better Pleading,'" which perhaps is proposing that defendants should be made to respond to his unclear allegations, rather than plaintiff being required to meet the bare minimum pleading standards of Rules 8 and 10. See id.

Plaintiff's amended complaint does not cure the defects the Court identified in its earlier orders, dkt. nos. 6, 9, and is wholly lacking in discernable facts or claims, the undersigned cannot conclude that it has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see

dkt. no. 10.  Plaintiff's amended complaint is clearly "a case[] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  A complaint that fails to comply with the pleading requirements of Rules 8 and 10 "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  Accordingly, the undersigned recommends the amended complaint be dismissed.  See Dkt. No. 10.  As plaintiff has already been given an opportunity to amend his complaint, and his amended complaint has not soled any of the defects the Court identified, the Court has no doubt that any future attempts would be fruitless.  Thus, it is recommended that the amended complaint be dismissed with prejudice and without opportunity to amend.

### IV.  Motion for Appointment of Counsel

Plaintiff provides that he believes he should be appointed counsel because "[i]t is difficult to understand preliminary and false acts and describe the allegations about stalking and about government personnel." Dkt. No. 7.  Plaintiff provides the name of four law firms he contends he contacted in his effort to obtain counsel.  See id.  Plaintiff does not provide any documentary evidence supporting the efforts he made to obtain counsel or their responses as is required. See id.

Prior to evaluating a request for appointment of counsel, a party must demonstrate that he is unable to obtain counsel through the private sector or public

interest firms.  See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173-74 (2d Cir. 1989)

(citing Hodge, 802 F.2d at 61).  Courts cannot utilize a bright-line test in determining

whether counsel should be appointed on behalf of an indigent party.  See Hendricks v.

Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  In Terminate Control Corp. v. Horowitz,

the Second Circuit reiterated the factors that a court must consider in ruling upon a

motion seeking assignment of counsel:

> [T]he district judge should first determine whether the indigent's position
> seems likely to be of substance. If the claim meets this threshold
> requirement, the court should then consider the indigent's ability to
> investigate the crucial facts, whether conflicting evidence implicating the
> need for cross-examination will be the major proof presented to the fact
> finder, the indigent's ability to present the case, the complexity of the legal
> issues and any special reason in th[e] case why appointment of counsel
> would be more likely to lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61

(2d Cir. 1986)).  Of these criteria, the Second Circuit has emphasized the importance of

assessing "whether the indigent's position was likely of substance."  Cooper v. A.

Sargente & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Thus, appointments of counsel

are not to be granted "indiscriminately."  Id.  Although 28 U.S.C. § 1915(e)(1) authorizes

the court "to request an attorney to represent any person unable to afford counsel*," a

civil litigant has no constitutional right to the assistance of counsel*.  Berrios v. New York

City Housing Auth., 564 F.3d 130, 135 (2d Cir. 2009).

    As the undersigned recommend that the Complaint be dismissed for failure to

state a claim upon which relief can be granted, the Motion for Appointment of counsel

must be dismissed as moot.  See Dkt. No. 7; see also Leftridge v. Connecticut State

Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).  However, even if the District

Court disagrees with the undersigned and permits the amended complaint to proceed, the undersigned would still deny the motion for appointment of counsel as plaintiff has failed to provide documentary evidence of the attempts that he made to obtain counsel on his own from the public and private sector.  Further, he has fully failed to demonstrate that his claim is likely to be of substance. See Terminate Control Corp., 28 F.3d at 134.


## V.  Conclusion

For the reasons set forth above, it is hereby

**RECOMMENDED**, that plaintiff's Amended Complaint (Dkt. No. 10) be **DISMISSED with prejudice and without opportunity to amend** for failure to state a claim; and it is

**ORDERED**, that plaintiff's Motion for Appointment of Counsel be **DISMISSED** as moot.  See Dkt. No. 7.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[1]

---

[1] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,

Dated: September 7, 2021
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).