UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN INCORVATI,

                                   **Plaintiff,**

  vs.                                                                     1:21-CV-280
                                                                                        (MAD/CFH)

**CIS OMBUDSMAN, et al.**

                                   **Defendants.**
_____

**APPEARANCES:**

**JONATHAN INCORVATI**
328 Manning Boulevard
Albany, New York 12206
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

    Plaintiff Jonathan Incorvati ("Plaintiff") initiated this action *pro se* on March 11, 2021. Dkt. No. 1.  In a Report-Recommendation and Order on September 7, 2021, Magistrate Judge Hummel reviewed Plaintiff's Amended Complaint, recommended that it be dismissed in its entirety with prejudice, and denied Plaintiff's motion for appointment of counsel.  *See* Dkt. No. 12 at 7.

    Currently before the Court is Magistrate Judge Hummel's Report-Recommendation and Order.

### II. BACKGROUND

1

In his original Complaint, filed on March 11, 2021, Plaintiff only named the CIS Ombudsman as a defendant. *See* Dkt. No. 1. Although Plaintiff used a form intended for civil rights violations under 42 U.S.C. § 1983, he did not specify any violations of the Constitution or of federal or state law. *See* Dkt. No. 1. Plaintiff's Complaint was accompanied by a motion for a preliminary injunction, which additionally named web programmer Nathaniel Stiefel, President Joseph R. Biden, former Secretary of State Hillary Rodham Clinton, and several officials of the Houston Police Department, including an Officer Sanchez, an Officer Anders, and Huberto Arturo as defendants. *See* Dkt. No. 3. On July 2, 2021, Magistrate Judge Christian Hummel granted Plaintiff's motion to proceed *in forma pauperis* and reviewed his Complaint. *See* Dkt. No. 6. After conducting this review, Magistrate Judge Hummel recommended dismissal of Plaintiff's Complaint with leave to amend and denial of Plaintiff's motion for a preliminary injunction. *See* Dkt. No. 6 at 10-11. Plaintiff objected to the Report-Recommendation and Order on July 12, 2021. Dkt. No. 8. In addition, Plaintiff moved for appointment of counsel. Dkt. No. 7. This Court adopted Magistrate Judge Hummel's Report and Recommendation in full on August 5, 2021. Dkt. No. 9.

Plaintiff then filed an Amended Complaint on August 16, 2021, consisting of: (1) Plaintiff's original § 1983 form filed on March 11, 2021; (2) two copies of Plaintiff's objections to Magistrate Judge Hummel's Report-Recommendation of July 2, 2021; (3) a brief handwritten note at the bottom of the first copy of those objections citing 18 U.S.C. §§ 371 and 1801; and (4) several other documents, including a Texas identification card. *See* Dkt. No. 10. On September 7, 2021, Magistrate Judge Hummel recommended dismissing Plaintiff's Amended Complaint with prejudice and denying Plaintiff's motion for appointment of counsel, noting that Plaintiff's amended complaint was "confused, ambiguous, vague or otherwise unintelligible" such that it

2

failed to state any plausible claims for relief.  Dkt. No. 12 at 4-5, 7 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  That Report-Recommendation and Order is now before this Court.

### III. DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), when a plaintiff proceeds *in forma pauperis*, a court "shall dismiss the case at any time if the court determines that -- . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Since Plaintiff is proceeding *pro se*, the Court must review his pleadings under a more lenient standard than that applied to "formal pleadings drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  As the Second Circuit has held, courts are required to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights because of their lack of formal legal training.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In reviewing a complaint under Section 1915(e), the court may also consider relevant portions of the Federal Rules of Civil Procedure.  Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This Rule is intended to "'give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'"  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other citations omitted).  Dismissal is not appropriate so long as the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Having carefully reviewed the September 7, 2021 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's Amended Complaint must be dismissed in its entirety.  Although Plaintiff has been furnished an opportunity to amend his complaint, the Amended Complaint remains in large part illegible and nonsensical. *See* Dkt. No. 10.  For example, while Plaintiff makes passing reference to federal statutes involving conspiracy to defraud the United States and video voyeurism, he does not provide any facts or state any claims related to these statutes, let alone the "plausible" claims required by *Twombly*.  Likewise, although Plaintiff names several Defendants in his Amended Complaint, he still does not make clear how they violated either Plaintiff's constitutional rights or any federal statute. *See* Dkt. No. 10 at 1.  Plaintiff instead asserts that they must "defend themselves in place of a 'Better Pleading.'" *Id.* at 1.  Plaintiff's *pro se* status does not excuse him from meeting the threshold pleading standards set forth in Fed. R. Civ. P. 8.  Here, where the complaint is confusing, ambiguous, and at times incoherent, the complaint presents "far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the[ ] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Further although *pro se* litigants should ordinarily be granted leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," this Court agrees with Magistrate Judge Hummel that, having been given that opportunity, Plaintiff has failed to cure the faults in his original complaint, and any further opportunities to amend would be futile. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). The Court therefore adopts Magistrate Judge Hummel's recommendation that Plaintiff's Amended Complaint be dismissed in full with prejudice and without opportunity to amend.

### IV. CONCLUSION

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's September 7, 2021 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 10) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: May 9, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge